IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :
                                   :
                                   :
     v.                            :    3:11-CR-345
                                   :    (JUDGE MARIANI)
ANTONIO FIGUEREDO                  :
                                   :
           Defendant.              :
************************************************* :
                                   :
BANK OF AMERICA, N.A.              :
                                   :
           Garnishee              :

## MEMORANDUM OPINION

Before the Court is a motion for reconsideration filed by Defendant Antonio

Figueredo ("Defendant"). (Doc. 600). Defendant asks the Court to reconsider its

Memorandum Opinion & Order overruling his objections to the writ of garnishment and

directing Bank of America to pay $15,000 held in his checking account to the Clerk of Court

to satisfy a small portion of his outstanding restitution balance. (Docs. 597-598).

Defendant's motion will be denied.

"Motions for reconsideration should be granted sparingly as federal courts have a

strong interest in the finality of judgments." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d.

471, 474 (M.D. Pa. 2020). "A court should grant a motion for reconsideration if the party

seeking reconsideration shows '(1) an intervening change in the controlling law; (2) the

availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice.'" *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made." *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d. 375, 378 (M.D. Pa. 2010).

In his motion, Defendant does not allege there has been an intervening change in the controlling law. Nor does Defendant assert that any new evidence is available that was not available when the Court overruled his objections to the writ of garnishment. Rather, Defendant claims reconsideration is warranted "to prevent manifest injustice and to ensure that the restitution balance presently relied upon by the Government accurately reflects all court-approved reductions, collateral recoveries, payments, offsets, and other adjustments affecting the victim's actual uncompensated losses." (Doc. 600 at 1).

The Government oppose Defendant's motion and claims the "motion asserts no legal or factual basis for this Court to reconsider its previous order overruling Figueredo's objections to the garnishment, nor does he demonstrate that his outstanding restitution balance is inaccurate such that the Final Order of Garnishment is improper." (Doc. 603 at 1). According to the Government, "his motion for reconsideration does not address his claim for exemption at all. Rather, Figueredo seeks to leverage a corrected clerical error into a manifest injustice." (*Id.* at 6). The Court agrees with the Government and finds that Defendant has not satisfied his burden to demonstrate that reconsideration is warranted.

2

First, Defendant does not ask the Court to reconsider its Order overruling his objections to the writ of garnishment and finding that his claimed exemption did not apply. As the Court previously found, "Defendant's objection will be overruled because he has not met his burden to demonstrate the $15,000 garnishment of his checking account violated the CCPA's 25% cap on garnishment of disposable earnings or that the CCPA applies to limit the amount of garnishment." (Doc. 597 at 12). Nothing in Defendant's motion claims that this conclusion was erroneous or even remotely suggests that "manifest injustice" will result absent reconsideration.

Second, the Government clerical error regarding Defendant's outstanding restitution balance does not warrant reconsideration and did not affect the validity of the writ. (Doc. 587). On June 2, 2026, the Court issued an order directing the Government to submit certain documents in advance of the June 8, 2026, hearing. (Doc. 594). The Government timely complied and submitted documentation revealing that Defendant's outstanding restitution balance was $356,199.43, not $470,590.06. (Doc. 595 at 2). The discrepancy was due to the Clerk of Court's inadvertent failure to reduce the outstanding restitution balance by $113,602.17, which represented the net proceeds from the Sheriff's sale of the fraudulently obtained property. (Doc. 595 at 2). That clerical error was corrected, did not affect the validity of the writ, and did not result in any overcollection from Defendant.[1]

---

[1]    Defendant's assertion that the "Six-year failure to implement a court-ordered reduction raises legitimate concerns regarding the accuracy and reliability of the restitution accounting" (Doc. 600 at 3), lacks merit and comes nowhere close to satisfying his burden to demonstrate that reconsideration of the Court's order overruling his objections to the writ of garnishment is warranted. Similarly, Defendant claims that the

Finally, Defendant's failure to make timely restitution payments further demonstrates that no manifest injustice would result absent reconsideration. Although Defendant asserts that manifest injustice "exists where enforcement continues without a fully reconciled account," (Doc. 600 at 6), the Court previously found that "[i]n the eleven years since the Court ordered him to pay $518,984.39 restitution in $100 minimum monthly installments, Defendant has made only $6,342.38 in restitution payments. He has not made timely monthly restitution payments of $100 as ordered by the Court or otherwise complied with the restitution order." (Doc. 597 at 5). The Court further found that "Defendant is not current on his restitution balance and has not made a good faith attempt to satisfy his outstanding restitution balance for many years." (*Id.* at 14). Defendant does not dispute these factual findings in his motion and fails to identify any "manifest injustice" resulting from the Court's overruling his objection to the writ of garnishment and finding that his claimed exemption did not apply.

In sum, because Defendant has not satisfied his burden to demonstrate that reconsideration is warranted, his motion will be denied. A separate Order follows.[2]

---

Court's "acceptance of the corrected balance does not resolve whether the balance has been fully reconciled" lacks merit and does not warrant reconsideration. (*Id.* at 4).

[2]     Defendant also claims that "the evidence presented supports a request for a complete accounting." (Doc. 600 at 5). As an initial matter, Defendant never requested a complete accounting from the Government. Moreover, his motion seeks reconsideration of the Court's order overruling his objections to the writ of garnishment and has nothing to do with a complete accounting of his restitution balance. In any event, the Court agrees with the Government that "Figueredo presents no grounds to warrant reconsideration of the Final order of Garnishment as his restitution balance still far exceeds his unsupported claim of discrepancy." (Doc. 603 at 9).

4

Robert D. Mariani
United States District Judge